## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

|  |  |
|---|---|
| Daniel Rodriguez, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Statewide Credit Services Corp; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Daniel Rodriguez, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.      The Plaintiff, Daniel Rodriguez ("Plaintiff"), is an adult individual residing in Havre de Grace, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Statewide Credit Services Corp ("Statewide"), is a New York business entity with an address of 734 Franklin Ave #471 Garden City, New York 11530, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Statewide and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Statewide at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      The Plaintiff incurred a financial obligation in the approximate amount of $2700.00 (the "Debt") to Freeport Memorial Hospital (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Statewide for collection, or Statewide was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Statewide Engages in Harassment and Abusive Tactics

12.     The Defendants are attempting to collect interest on a Debt that has been paid in full by Plaintiff in 2006. The Creditor confirmed the Debt paid and informed Plaintiff that the Defendants are trying to collect interest on the original amount of the unpaid Debt.

2

13.     The Plaintiff received a letter from Schwartz & Schwartz in March of 2011 stating that the Plaintiff still owed the Debt. When Plaintiff called Schwartz & Schwartz, he was referred to Statewide Collections as the collector for this Debt.

14.     The Plaintiff spoke with the Defendants and in the first conversation he was told he owed $2,700.00.  Yet, during the second telephone conversation with the Defendants, the Plaintiff was told that he owed $4,100.00.

15.     The Defendants demanded payment within 24 hours or they would garnish his wages.

16.     The Defendants stated that they had executed a judgment on Plaintiff and were sending in a wage garnishment to his employer to collect the full amount of $4,100.00.

17.     Further, the Defendants threatened Plaintiff with placing liens on his property.

18.     The Defendants threatened Plaintiff with ruining his credit.

19.     The Plaintiff requested validation of the Debt yet was told by the Defendants he was not entitled one.

20.     The Defendants failed to mail a 30 – Day Validation letter to the Plaintiff.

21.     The Defendants also told the Plaintiff they had re-entered the judgment recently. Yet, when Plaintiff called the courthouse to verify this claim, he was told by the clerk of county that no actions had been taken since 2001.

22.     The Plaintiff also called the Whiteside County Court in the state of Illinois where this judgment was originally filed and was told that no action had been seen on this judgment since 2001.

**C. Plaintiff Suffered Actual Damages**

23.     The Plaintiff has suffered and continues to suffer actual damages as a result of the

3

Defendants' unlawful conduct.

24.     As a direct consequence of the Defendants' acts, practices and conduct, the

Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and

embarrassment.

25.     The Defendants' conduct was so outrageous in character, and so extreme in

degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and

utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

26.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants

misrepresented the character, amount and legal status of the Debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants

threatened the Plaintiff with garnishment if the Debt was not paid.

29.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants

threatened the Plaintiff with attachment of his property if the Debt was not paid.

30.     The Defendants' conduct violated  in that Defendants threatened to communicate

false credit information, in violation of 15 U.S.C. § 1692e(8).

31.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants

employed false and deceptive means to collect a debt.

32.     The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants

attempted to collect an amount not authorized by the agreement creating the Debt.

33.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants

4

failed to send the Plaintiff a validation notice stating the amount of the Debt.

34.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

35.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

36.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

37.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

38.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

39.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

41.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

42.     The Defendants disclosed or threatened to disclose information affecting the Plaintiff's reputation for creditworthiness, in violation of MD. Code Comm. Law § 14-202(3).

43.     The Defendants threatened to claim and enforce a right which the Defendants did not have a legal right to enforce or claim, in violation of MD. Code Comm. Law § 14-202(8).

44.     The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

45.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

47.     Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Maryland state law.

48.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

49.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

    1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

6

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 27, 2011

Respectfully submitted,

By /s/ Forrest E. Mays

Forrest E. Mays (Bar No. 07510)
1783 Forest Drive, Suite 109
Annapolis, MD  21401
Telephone: (410) 267-6297
Facsimile: (410) 267-6234
Email: mayslaw@mac.com

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237
ATTORNEYS FOR PLAINTIFF